# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# JACKSON DIVISION

| | |
|---|---|
| **TERRI PETERSON** )<br>)<br>    **Plaintiff,** )<br>) **NO:**<br>**v.** )<br>) **JURY DEMAND**<br>**WEST TN EXPEDITING, INC.** )<br>)<br>    **Defendant.** ) | |

## COMPLAINT

For her Complaint against Defendant West TN Expediting, Inc. ("West TN Expediting" or "Defendant"), Plaintiff Terri Peterson ("Ms. Peterson" or "Plaintiff") states as follows:

### I. Parties

1. Plaintiff Terri Peterson is a citizen and resident of Haywood County, Tennessee. She is a former employee of Defendant.

2. Defendant West TN Expediting, Inc. is a trucking company based in Lauderdale County, Tennessee located at 182 Volz Avenue Ripley, TN 38063. West TN Expediting may be served through its registered agent, Jeff Buckner, at 182 Volz Avenue Ripley, TN 38063.

### II. Jurisdiction and Venue

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391.

4. This is an action for damages for unlawful termination of Ms. Terri Peterson in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000e, and the Tennessee Human Rights Act, Tenn. Code. Ann. § 4-21-101, *et seq*. ("THRA").

5. Plaintiff's claims have been administratively exhausted under Title VII of the Civil Rights Act of 1964. Plaintiff has received her Notice of Right to Sue.

### III. Facts

6. Ms. Peterson was hired to be a truck driver for Defendant.

7. Ms. Peterson was qualified for her job with Defendant.

8. Ms. Peterson received positive performance feedback during her employment with Defendant.

9. Ms. Peterson worked under the direction, supervision, and influence of James Corbin.

10. Mr. Corbin was put in charge of Ms. Peterson's on-the-job training related to her acquisition of a Commercial Driver's License ("CDL").

11. Ms. Peterson was required to drive and perform other work within the same truck as Mr. Corbin for thousands of miles each workweek.

12. Between April 2017 and June 2017, Ms. Peterson was subjected to multiple incidents of unwelcomed sexual harassment, sexual advances, sexual comments, sexual assaults, requests for sexual favors, and other conduct of a sexual nature by Mr. Corbin. The treatment targeted at Ms. Peterson was based on her gender (female).

13. Around April 2017, Ms. Peterson was sexually assaulted by Mr. Corbin while she was sleeping in the truck's "sleeper" section. Sexual assault, rape, attempted rape, and sexual harassment are in violation of the civil and/or criminal code of Tennessee.

14. During the April 2017 sexual assault, Plaintiff was awakened from her sleep by Mr. Corbin aggressively his hand up her shirt. Mr. Corbin touched Plaintiff's breast during the incident. Plaintiff responded by yelling, screaming, and telling him to never touch her in that way ever again.

15. Mr. Corbin told Plaintiff that he would have her fired if she ever spoke out about his actions against her.

16. Ms. Peterson still reported the April 2017 sexual assault to Defendant's management and human resources agents, including, Terry [last name unknown].

17. Defendant did not investigate Ms. Peterson's report.

18. Defendant did not take any preventative or corrective action against Mr. Corbin in response to Plaintiff's report of sexual assault and harassment around April 2017.

19. Defendant continued to employ Mr. Corbin Ms. Peterson made the report of sexual harassment/assault around April 2017.

20. After the April 2017 sexual assault, Defendant kept Ms. Peterson working under the direction, supervision, and training of Mr. Corbin.

21. Ms. Peterson continued to be targeted with an increased rate of sexual comments, advances, and harassment after making the report of sexual harassment/assault by Mr. Corbin. Ms. Peterson repeatedly told Mr. Corbin and Defendant that she opposed being subjected to Mr. Corbin's lewd conduct.

22. Ms. Peterson continued to be targeted with unwelcomed touching, grabbing, intimidation, and ridicule by Mr. Corbin between April and June 2017.

23. On or about June 1, 2017, Ms. Peterson was again sexually assaulted by Mr. Corbin while she was sleeping in the truck's sleeper section.

24. Ms. Peterson was again awakened from her sleep as a result of Mr. Corbin placing his hands on her. This time Mr. Corbin had his hand placed between her legs, and was moving it up towards her vagina when she woke up. Ms. Peterson also had her breast

grabbed during this incident. She responded by screaming, yelling, and telling Mr. Corbin to remove his hands from her.

25. Plaintiff was told that she "would regret it" if she reported Mr. Corbin's actions to Defendant.

26. Despite Mr. Corbin's threat, Plaintiff reported the sexual assault to: (1) her boyfriend, Billy Burse; and (2) Defendant's management and human resources agents, including Terry and Mr. Buckner.

27. No preventative or corrective action was taken by Defendant against Mr. Corbin in response to Plaintiff's complaint.

28. Defendant kept Mr. Corbin in charge of Plaintiff's driver training, supervision, and direction in work duties.

29. After the June 1 [or so] sexual assault, Ms. Peterson subsequently confronted Mr. Corbin about his actions against her. The interaction between Plaintiff and Mr. Corbin was video recorded.

30. The video reflects that Mr. Corbin was confronted about grabbing Plaintiff's breast and butt, as well as putting his hand up her shirt. Plaintiff also confronted Mr. Corbin about making insulting and threatening comments to her at work. On the video, Mr. Corbin acknowledges engaging the behavior Plaintiff accuses him of in this Compliant.

31. The video recording shows Mr. Corbin becoming irate about Plaintiff for confronting him about his actions against her. Mr. Corbin called Plaintiff names and screamed at her in frustration.  He also made a punching gesture at Plaintiff that she was fortunate enough to dodge. Additionally, Mr. Corbin is recorded making a threatening and dangerous swerve of the truck in an attempt to get Ms. Peterson to "shut up."

32. Ms. Peterson reported Mr. Corbin's actions to Defendant. Plaintiff told Defendant that she recorded the interaction with Mr. Corbin, and Defendant's agents refused to watch the entire video.

33. Again, Defendant took no preventative, corrective, or disciplinary action against Mr. Corbin.

34. Ms. Peterson was dismissively told by Defendant's agents: "We've all got our demons. You just have to let it go and move on."

35. Defendant subsequently cut off all communications with Plaintiff and/or engaged in hostile, antagonistic, or dismissive interactions with her. Defendant refused to give Plaintiff job assignments.

36. Ms. Peterson's employment was ended shortly after the report of the June 1, 2017 sexual assault and harassment.

37. Defendant continues to employ Mr. Corbin. He was never reprimanded or disciplined for the conduct detailed in the above paragraphs.

38. Defendant knew or should have known of the sexual harassment of Ms. Peterson and failed or refused to take appropriate responsive or corrective action.

39. Defendant West TN Expediting had no anti-harassment policies or procedures in place during Ms. Peterson's employment, and/or Defendant ignored any appropriate written policies regarding sexual harassment, retaliation, discrimination, and investigation of the same during Plaintiff's employment.

40. The asserted reason(s) for Defendant's adverse actions against Ms. Peterson are false and a pretext for discrimination, harassment, and retaliation.

41. The sexual harassment of Ms. Peterson was severe and pervasive and became progressively worse, despite her repeated instructions that it stop, and altered the terms and conditions of her employment.

42. Defendant West TN Expediting treated Ms. Peterson differently in the terms, conditions, and privileges of employment than it treated other similarly situated employees who were not female and who had not opposed sexual harassment and sexual assaults.

43. As a result of Defendant's discriminatory, retaliatory, and unlawful conduct, Ms. Peterson has lost income, continued employment, and other privileges of employment.

44. As a result of Defendant's conduct, Ms. Peterson has suffered embarrassment, humiliation, stress, anxiety, fear, mental and relationship strain, nightmares, and dignitary harm, and has incurred attorneys' fees and related expenses.

## IV. Claims

### TENNESSEE HUMAN RIGHTS ACT VIOLATIONS

*Discrimination and Sexual Harassment*

45. Plaintiff adopts and re-alleges all preceding Paragraphs as if fully set forth in full herein.

46. Based upon the conduct described in this Compliant, Defendant is liable for unlawful gender discrimination and sexual harassment in violation of the THRA.

47. Defendant's conduct has harmed and caused damage to Ms. Peterson.

*Retaliation*

48. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

49. Based on the conduct described in this Complaint, Defendant West TN Expediting is liable for violations of the THRA's prohibition against retaliation.

50. Defendant's retaliatory conduct described in this Complaint was substantially motivated by Ms. Peterson's gender and her opposing unlawful conduct.

51. Defendant's retaliatory treatment of Ms. Peterson was intentional and demonstrates reckless indifference to her legally protected rights.

52. Defendant's conduct has harmed and caused damage to Ms. Peterson.

## TITLE VII CLAIMS

### *Discrimination and Sexual Harassment*

53. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

54. Based on the conduct described in this Complaint, Defendant is liable for unlawful gender discrimination and sexual harassment in violation of the Title VII.

55. Defendant's conduct has harmed and caused damage to Ms. Peterson.

### *Retaliation*

56. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

57. Based on the conduct described in this Complaint, Defendant West TN Expediting is liable for violations of Title VII's prohibition against retaliation.

58. Defendant's retaliatory conduct described in this Complaint was substantially motivated by Ms. Peterson's gender and her opposing unlawful conduct.

59. Defendant's retaliatory treatment of Ms. Peterson was intentional and demonstrates reckless indifference to her legally protected rights.

60. Defendant's conduct has harmed and caused damage to Ms. Peterson.

## RELIEF REQUESTED

Ms. Peterson respectfully requests:

1. That process issue and be served upon Defendants, and that they be directed to answer this Complaint within the time period prescribed by law;

2. That this case be set for trial and that a jury be empaneled to hear and decide the merits and damages;

3. That Ms. Peterson be awarded judgment and compensatory damages, including but not limited to back pay, front pay, and damages for embarrassment, humiliation, mental anguish and stress, and outrage;

4. That Ms. Peterson be awarded punitive damages in an amount to be determined at trial, but in excess of $3,500,000.00;

5. That Ms. Peterson be awarded attorneys' fees and expenses;

6. That Ms. Peterson be awarded pre-judgment interest;

7. That all costs be taxed against Defendants; and

8. That Ms. Peterson be awarded such other and further legal or equitable relief to which she may be entitled.

Respectfully Submitted,

---

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com