## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| **TERRI PETERSON,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **NO: 1:18-cv-01164-STA-jay** |
| **v.** | **)** | |
| | **)** | **JURY DEMAND** |
| **WEST TN EXPEDITING, INC.,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## ORDER ON ISSUE OF REINSTATEMENT OR FRONT PAY

Plaintiff is seeking front pay in this matter. While the determination of the precise "amount of an award of front pay is a jury question," the initial "determination of the propriety of an award of front pay is a matter for the court." *See*, *e.g.*, *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 398 (6th Cir.1993) (ADEA claim). "Once discrimination is found, reinstatement should be granted absent exceptional circumstances." *In re Lewis v. Sears, Roebuck & Co.*, 845 F.2d 624, 630 (6th Cir.1988). Front pay is an alternative remedy to reinstatement and is generally awarded when reinstatement would be "inappropriate or infeasible." *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir.1996).

"It is not enough that reinstatement might have 'disturbing consequences,' that it might revive old antagonisms, or that it could 'breed difficult working conditions' [because] relief is not restricted to that which will be pleasing and free of irritation." *Farber v. Massillon Bd. of Educ.*, 917 F.2d 1391, 1396 (6th Cir.1990). Exceptional circumstances can be found "only upon the facts presently obtaining and not based upon historical circumstances which may no longer be present when the proposed reinstatement occurs." *Id.*

At the pre-trial conference held on February 14, 2020, the Court gave counsel for each party an opportunity to argue whether reinstatement was feasible considering the following factors: "(1) whether the employer is still in business; (2) whether there is a comparable position available for the plaintiff to assume; (3) whether an innocent employee would be displaced by reinstatement; (4) whether the parties agree that reinstatement is a viable remedy; (5) whether the degree of hostility or animosity between the parties—caused not only by the underlying offense but also by the litigation process—would undermine reinstatement; (6) whether reinstatement would arouse hostility in the workplace; (7) whether the plaintiff has since acquired similar work; (8) whether the plaintiff's career goals have changed since the unlawful termination; and (9) whether the plaintiff has the ability to return to work for the defendant employer—including consideration of the effect of the dismissal on the plaintiff's self-worth." *Prine v. Sioux City Cmty. Sch. Dist.*, 95 F.Supp.2d 1005, 1008-09 (N.D. Iowa 2000).

Defense counsel stated that Defendant is still in business, there is a comparable position available for Plaintiff to assume, and no innocent employee would be displaced by reinstatement. According to Plaintiff's counsel, reinstatement is a viable option although not the preferred option. Counsel agreed that any hostility on the part of Plaintiff is mostly aimed at the perpetrator of the alleged sexual assault rather than at Defendant's owner or manager. Plaintiff is currently working at a lower salary. Neither counsel contended that reinstatement is not a viable option.

Based on the statements of counsel, the Court finds that exceptional circumstances do not exist to militate in favor of the remedy of front pay as opposed to reinstatement. Accordingly, at this juncture, the Court finds that reinstatement is the appropriate remedy. However, this finding

is subject to testimony and/or further argument presented at the trial.

       **IT IS SO ORDERED**.

                              **s/ S. Thomas Anderson**
                              S. THOMAS ANDERSON
                              CHIEF UNITED STATES DISTRICT JUDGE

                              Date: February 14, 2020