IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| TERRI PETERSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiff, | | |
| v. | | No.  1:18-cv-01164-STA-jay |
| WEST TN EXPEDITING, INC., | | |
| Defendant. | | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff Terri Peterson brought this action against West TN Expediting, Inc., alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101.  The case was tried by a jury.  On February 21, 2020, the jury found in favor of Plaintiff on her claim that Defendant unlawfully retaliated against her by terminating her employment in response to her reports of workplace sexual harassment.  The jury found in favor of Defendant on Plaintiff's claim that she was subjected to a sexually hostile work environment.  Plaintiff was awarded $50,000 in back pay and fringe benefits and $100,000 in punitive damages. (Ver., ECF No. 52; Judg., ECF No. 54.) Defendant then filed a motion for new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure.  (ECF No. 57.)  The Court denied that motion on June 26, 2020.  (ECF No. 70.)  Plaintiff has filed a motion for attorney's fees.  (ECF No. 66.)  Defendant has not responded to the motion. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

"In any action or proceeding under" Title VII, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee ... as part of the costs." 42 U.S.C. § 2000e-5(k). The Supreme Court has directed that "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted). "The most useful starting point for determining the amount of a reasonable fee is" the lodestar amount - "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433.

Calculating the lodestar amount "does not end the inquiry," however. *Id.* at 434. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* Factors that "may be relevant in adjusting the lodestar amount," *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989), are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to acceptance of the case by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) awards in similar cases. *Barnes v. City of Cincinnati*, 401 F.3d 729, 745-46 (6th Cir. 2005). The Supreme Court and the Sixth Circuit have cautioned that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (quoting *Hensley*, 461 U.S. at 434 n.9).

In the present case, as the prevailing party, Plaintiff requests the lodestar amount in the amount of $114,760. This amount is arrived at by multiplying the number of hours expended by her attorney on this matter (286.9 hours) by his hourly rate ($400 per hour). Plaintiff does not seek an upward adjustment. The Court has reviewed the time sheet provided by Plaintiff's counsel (ECF No. 66-5) and the information he has submitted concerning the reasonableness of his hourly rate (ECF Nos. 66-2, 66-4) and finds that both the amount of time expended and counsel's hourly rate are reasonable.

The Court finds no reason for a downward adjustment, especially in light of the fact that Defendant has not objected to the amount sought. *See EEOC v. Dolgencorp, LLC*, 899 F.3d 428, 436 (6th Cir. 2018) (stating that there is a presumption that the lodestar amount is a reasonable fee); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (stating that there is a "strong presumption" that the prevailing party is entitled to its full lodestar fee). Plaintiff achieved excellent results. At the trial, Plaintiff's counsel prepared for and examined all witnesses, most of whom were employed or affiliated with Defendant, and did so without co-counsel. Plaintiff prevailed on her retaliation claim against Defendant and obtained a substantial damages award. *See Waldo v. Consumers Energy Co.*, 726 F.3d 802, 824 (6th Cir. 2013) (upholding an attorney's fee award because the plaintiff "succeeded on a significant and central issue in the litigation" and in 'remedying a civil rights violation' and 'served as a private attorney general, vindicating a policy that Congress considered of the highest priority'" (citation omitted)).

The fact that Plaintiff was not successful on one claim does not warrant reducing her attorney's fees. When, as here, "claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as

3

Case 1:18-cv-01164-STA-jay   Document 71   Filed 06/26/20   Page 4 of 4   PageID 894

distinct claims, and the cost of litigating the related claims should not be reduced." *Jordan v. City of Cleveland*, 464 F.3d 584, 604 (6th Cir. 2006) (citation omitted).

The Court concludes that Plaintiff has met her burden to show the reasonableness of the attorney's fee award that she seeks. Consequently, Plaintiff's motion for attorney's fees is **GRANTED**, and the Court awards Plaintiff attorney's fees in the amount of $114,760, plus post-judgment interest from the date of the entry of judgment until the attorney's fee award is paid in full by Defendant. *See Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 589-91 (6th Cir. 2002) (noting that the post-judgment interest statute requires payment of interest on an award of attorney's fees as with any other award of damages).[1]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 26, 2020.

---

[1] Post-judgment interest for an attorney's fee award is governed by 28 U.S.C. § 1961(a). In relevant part, § 1961(a) provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a).